**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

John L. Collins-(AZ. Bar # 030351)
johnc@phillipsdayeslaw.com
Trey Dayes (AZ. Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ. Bar # 030271)
dawns@phillipsdayeslaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZIONA**

| | |
|---|---|
| Erik Nielsen,<br><br>                 Plaintiff,<br><br>vs.<br><br>Global Shield Risk Solutions, LLC, an Arizona Limited Liability Company; Jeroen Rodenburg and Jane Doe Rodenburg, husband and wife,<br><br>                 Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

## NATURE OF THE CASE

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) &

207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC § 201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at § 207(a).

4. For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least one (1) year prior to the filing of this action, Plaintiff worked at least forty-five hours per week and was not paid time and one-half for the hours worked above forty (40).

6. For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of misclassifying certain employees as independent contractors.

7. Furthermore, Defendants have failed to compensate Plaintiff according to applicable state laws, specifically A.R.S. § 23-350 *et seq.*

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant

to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## **PARTIES**

11. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

12. Defendant Global Shield Risk Solutions, LLC, is a limited liability company organized under the laws of the State of Delaware, doing business in Maricopa County, Arizona, with its domestic address 411 East Indian School, #1103, Phoenix, Arizona 85012, and is subject to the jurisdiction of this Court.

13. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Jeroen Rodenburg was and is the owner of Global Shield Risk Solutions, LLC.

14. Upon information and belief, at all times material hereto Defendants Jeroen and Jane Doe Rodenburg were and are residents of Maricopa County, Arizona.

15. Jane Doe is the fictitious name of Jeroen Rodenburg's wife. When her true name is ascertained this complaint will be amended. David and Jane Doe Rodenburg have caused

events to take place giving rise to this Complaint as to which their marital community is fully liable.

16.     At all relevant times, Plaintiff was an "employee" of Global Shield Risk Solutions, LLC, as defined by 29 U.S.C. § 203(e)(1).

17.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Global Shield Risk Solutions, LLC.

18.     At all relevant times, Global Shield Risk Solutions, LLC, was and continues to be an employer as defined in 29 U.S.C. § 203(d).

19.     On information and belief, Defendant Jeroen Rodenburg is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216, and is co-equally liable with Defendant Global Shield Risk Solutions, LLC, for all matters.

20.     At all times material to this action, Global Shield Risk Solutions, LLC, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

21.     Upon information and belief, at all relevant times, the annual gross revenue of Global Shield Risk Solutions, LLC, exceeded $500,000.00.

**FACTUAL BACKGROUND**

22.     Plaintiff was hired by Defendants in February of 2013 as a non-exempt hourly paid security specialist.

23.     Defendants classified Plaintiff as an independent contractor and paid his wages by as a 1099 employee.

24. Plaintiff's job responsibilities focused on providing security for Defendants' clients. This included surveillance, investigations, drafting reports, and consulting with clients.

25. Plaintiff was paid hourly at a rate of $12.00 per hour.

26. Plaintiff was a non-exempt employee.

27. Plaintiff was not a manager.

28. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

29. Plaintiff had no control over job duties and responsibilities and did what he was instructed to do by Defendant.

30. Plaintiff's work hours were dictated by Defendant.

31. Plaintiff's duties were an integral part of Defendant's operation.

32. Plaintiff had no independent business organization or operation.

33. Plaintiff made no investment in facilities.

34. From February 2013 through June 2013, Defendants failed to properly compensate Plaintiff for his overtime hours.

35. During this time, Plaintiff routinely worked forty-five (45) to seventy (70) hours per week.

36. Plaintiff was not paid for hours over forty (40) per week.

37. Defendants' failure or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

38. Defendants refused or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

39. Plaintiff's last day of employment was June 6, 2013. He has yet to receive his final paycheck.

40. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to represent him in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

41. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

42. While employed by Defendants, Plaintiff consistently and regularly worked overtime each week.

43. Defendants have intentionally failed and refused to pay Plaintiff his overtime as required by the provisions of the FLSA.

44. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages in not receiving compensation in accordance with § 207 of the FLSA.

45. Under 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half (1 1/2) times his regular pay rate for each hour of overtime worked per week.

46. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

47. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff as required by the FLSA was willful.

48. Defendants have not made a good faith effort to comply with the FLSA.

49. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to him for all of his time worked in excess of forty (40) hours per work week at an amount equal to one and one-half (1 1/2) times Plaintiff's regular rate while at work for Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper

## COUNT TWO
## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

50. Plaintiff incorporates and adopts paragraphs 1 through 49 above as if fully set forth herein.

51. Defendants misclassified Plaintiff as an independent contractor.

52. The misclassification resulted in Defendants' failure to pay employment taxes, shifting the burden onto the Plaintiff in the form of self-employment taxes.

53. As a direct and proximate result of Defendants' misclassification or Plaintiff's employment status, Plaintiff is entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff the difference between the amount that should have been taxed if Plaintiff was appropriately classified and the amount that Plaintiff actually paid in self-employment tax.

    b. Awarding Plaintiff liquidated damages in an amount equal to the self-employment tax award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

  g. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## FAILURE TO PAY WAGES

54. Plaintiff incorporates and adopts paragraphs 1 through 53 above as if fully set forth herein.

55. Upon information and belief, Defendants failed to pay Plaintiff "wages" (as that term is defined by A.R.S. § 23-350) at Plaintiff's regular rate while Plaintiff was in the employ of Defendant.

56. Upon information and belief, Defendants' failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

57. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount calculated above.

58. Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiff is entitled to an award of his attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a. Awarding Plaintiff regular compensation in the amount due to him for all of Plaintiff's time worked that was not compensated for while at work at Defendant Energy Efficient Contracting.

  b. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph.

    c.  Awarding Plaintiff his reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. § 12-341.01.

    d.  For Plaintiff's costs incurred in this action.

    e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections a and b above from the date of the payment due for that pay period until paid in full.

    f.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

    g.  Ordering any other and further relief as the Court deems just and proper.

## COUNT FOUR
## DECLARTORY JUDGMENT

59. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

60. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

61. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

62. Plaintiff may obtain declaratory relief.

63. Defendant employed Plaintiff.

64. Defendant is an enterprise covered by the FLSA.

65. Plaintiff is individually covered by the FLSA.

66. On certain occasions, Plaintiff was not compensated at a rate of at least minimum wage for work performed for Defendants.

67. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. § 207.

68. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

69. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

70. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

71. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

72. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

    b. Declaring, pursuant to 29 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    c. For Plaintiff's costs incurred in this action.

    d. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

e. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: September 16, 2013          Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

　　/s/ John L.Collins　　
John L. Collins
johnc@phillipsdayeslaw.com
Attorney for Plaintiffs